USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/4/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE ROE,<br><br>        Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK,<br><br>AUXILLIARY POLICE OFFICER MANNY GUERRERO, in his official<br>and individual capacities,<br><br>JOHN/JANE DOE POLICE OFFICERS 1-10,<br><br>        Defendants. | 1:24-cv-7093 (MKV)<br><br>**OPINION & ORDER<br>DENYING MOTION TO<br>PROCEED ANONYMOUSLY** |

MARY KAY VYSKOCIL, United States District Judge:

  Before the Court is the motion of Plaintiff "Jane Roe" to proceed in this action under a pseudonym. [ECF No. 6]. For the reasons set forth below, the motion to proceed anonymously is DENIED.

## BACKGROUND

  Plaintiff "Jane Roe" commenced this action under a pseudonym. In short, she alleges that Defendant Auxiliary Police Officer Guerrero ("Officer Guerrero") "willfully, maliciously and calculatedly, used his position of public trust and authority as a law enforcement officer to manipulate and coerce [her] into a situation where he would be free to sexually assault her," and did in fact "intentional[ly] rape and sexual[ly] assault" her. [ECF No. 1 ("Compl.")] ¶¶ 148, 156. Specifically, Plaintiff alleges that in June 2023, she went to the New York City Police Department's ("NYPD's") 32nd Precinct to file a report for ongoing harassment from a non-party, former partner. Compl. ¶ 11. While at the Precinct, Plaintiff alleges she encountered Officer Guerrero, who took her to the basement of the precinct and began engaging in "uncomfortable" physical contact,

1

including grabbing her by the waist, pulling her onto his lap and placing his mouth on her breast. Compl. ¶¶ 51–72.

Plaintiff alleges that before, during, and after this encounter at the Precinct, other NYPD officers and the Precinct's front desk staff had "opportunities to intervene and prevent the harm" but failed to do so. Compl. ¶¶ 167, 168. When Plaintiff tried to leave, Officer Guerrero allegedly followed her, and "directed her to enter" his vehicle. Compl. ¶ 77. Plaintiff asserts she believed that Officer Guerrero was going to drive her home, but instead, he used his "power, authority and demands" to restrain her in the vehicle while he drove to a dead-end alley. Compl. ¶¶ 77–92. Plaintiff further alleges that she believed Officer Guerrero was carrying a firearm at the time and was capable of locking his vehicle from the inside, as it appeared to be an official police vehicle. Compl. ¶¶ 105–07. While in the vehicle, Plaintiff alleges that Officer Guerrero proceeded to sexually assault and rape her. Compl. ¶¶ 117–27.

Plaintiff, using a pseudonym, initiated this action by filing a complaint, asserting a violation of her Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Compl. ¶ 2. Plaintiff also asserts claims under state tort law, including assault, battery, and false imprisonment against Officer Guerrero, intentional infliction of emotional distress against all Defendants, and negligence against Defendant City of New York. Compl. ¶¶ 177, 197, 207, 219, 227, 237. Notably, Plaintiff filed her complaint under a pseudonym without leave of Court. [ECF No. 1]. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, however, a "complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also* Fed R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008) (Rule 10 "serves the vital purpose of facilitating public scrutiny of judicial proceedings" and "cannot be set aside lightly.").

2

Accordingly, the Court issued an order admonishing Plaintiff that she "d[id] not request permission to proceed anonymously nor provide any reason why the Court should permit her to proceed anonymously." [ECF No. 4]. The Court thus ordered that "Plaintiff file an amended complaint properly suing in the name of the individual Plaintiff." [ECF No. 4]. Instead of filing an amended complaint in accordance with the Court's Order, Plaintiff filed an *ex parte* motion to proceed anonymously which is now before the Court. [ECF No. 7 ("Pl. Mem.")].

## **LEGAL STANDARD**

As noted, pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 188. The Second Circuit has admonished that this Rule "cannot be set aside lightly." *Id.* at 189. "The people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Indeed, this "right is 'supported by the First Amendment.' " *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015)).

In limited circumstances, however, a district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks and citation omitted) (alteration adopted). The question for the district court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded

3

presumption of openness in judicial proceedings." *Id*. (internal quotation marks and citation omitted). The district court must also consider the interests of the opposing party. *Id*. ("[T]he interests of both the public and the opposing party should be considered."). Moreover, a Plaintiff "seeking anonymity must base her allegations" about these competing interests "on more than just 'mere speculation.' " *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *United States v. UCB, Inc.*, No. 14-cv-2218, 2017 WL 838198, at *3 (S.D.N.Y. 2017)). The Second Circuit reviews the decision to grant or deny an application to litigate under a pseudonym for abuse of discretion. *United States v. Pilcher*, 950 F.3d 39, 41 (2d Cir. 2020).

In *Sealed Plaintiff v. Sealed Defendant*, the Second Circuit identified a "non-exhaustive" list of considerations that a district court should weigh when ruling on a motion to proceed anonymously. 537 F.3d at 189. The *Sealed Plaintiff* factors are: (1) "whether the litigation involves matters that are highly sensitive and of a personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiffs] or even more critically, to innocent non-parties"; (3) "whether identification presents other harms"; (4) "whether the plaintiff is particularly vulnerable . . . , particularly in light of [her] age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity"; (9) "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id*. at 190 (internal quotation marks and citations omitted)

4

(alterations adopted). A district court is not required to list each of the factors or "use any particular formulation" provided that it "balance[s] the interests at stake." *Id*. at 191 n.4.

## DISCUSSION

The crux of Plaintiff's argument in support of her motion to proceed anonymously is the highly sensitive and personal nature of the sexual assault allegations contained in her Complaint. Pl. Mem. at 3. In addition, Plaintiff argues that there is a "distinct risk" that she and her family will suffer "retaliatory physical or mental harm" should her name be disclosed because of the NYPD's "history of protecting their own." Pl. Mem. at 4. Plaintiff argues that the risk that she would be "exposed to real danger" if her name were disclosed outweighs the "minimal public interest" in identifying her. Pl. Mem. at 2. While Plaintiff does not address all ten of the *Sealed Plaintiff* factors, instead focusing on only a few, the Court nevertheless analyzes each factor in turn.

With respect to the first factor enumerated in *Sealed Plaintiff*, Plaintiff alleges that Officer Guerrero's violations of her personal and bodily autonomy, including rape and forcible touching are "of the most intimate nature." Pl. Mem. at 3. The Court agrees that the allegations of sexual assault are "highly sensitive and personal in nature," and thus, the first *Sealed Plaintiff* factor weighs in favor of allowing Plaintiff to remain anonymous. *See, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405; *Doe v. Townes*, No. 19-cv-8034, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020). However, this factor is not dispositive. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406; *Townes*, 2020 WL 2395159, at *3. Courts in this district have explained that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (citing *Doe v. Shakur*, 164 F.R.D. 359, 361–62 (S.D.N.Y. 1996) (collecting cases)). Indeed, courts repeatedly have denied motions

to proceed under a pseudonym in similar circumstances. *See, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (denying the motion despite finding that the plaintiff's allegations of sexual assault were "highly sensitive and of an extremely personal nature"); *Townes*, 2020 WL 2395159, at *3, 6, 7 (denying motion despite finding that first *Sealed Plaintiff* factor weighed in favor of anonymity based on "graphic and serious" allegations of sexual abuse); *Shakur*, 164 F.R.D. at 361 (denying motion despite finding that "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" and "has very legitimate privacy concerns").

The second factor of *Sealed Plaintiff* is "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties." 537 F.3d at 190. The third factor of *Sealed Plaintiff* is similar to the second. The Court must consider whether identification presents "other" severe harms. *Id*. Plaintiff argues that these factors weigh heavily in favor of anonymity because of the risk of NYPD officers retaliating against Plaintiff or her family, including her minor child. Pl. Mem. at 4. Specifically, Plaintiff asserts generally that the NYPD has a "history of protecting their own against accusations," which therefore puts her at risk. Pl. Mem. at 2. However, Plaintiff's argument is wholly conclusory and only scant factual basis supporting the claim is offered. As such, Plaintiff's invocation of this factor is entirely speculative and too unspecified support her motion. *See Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406 (explaining that to satisfy the second and third factors, plaintiff must include more than "conclusory statements and speculation").

Plaintiff does not provide any evidence "of the severity or likelihood of retaliation or any physical or mental harm." *Id*. In fact, Plaintiff does not provide any specific allegation that she will suffer any *particular* harm outside of her vague and conclusory allegation that the NYPD—as an institution—has a general "history" of "protecting their own." Pl. Mem. at 4. Further,

6

Plaintiff herself acknowledges Defendants are aware of her identity. *See* Pl. Mem. at 1. Plaintiff's motion includes only a request for a protective order "prohibiting Defendants from *publicly* identifying her in court filings or otherwise." Pl. Mem. at 1. But Plaintiff expressly alleges in her complaint that she sent Officer Guerrero a photo of her driver's license from her personal cellphone, Compl. ¶¶ 131–32, making clear that Defendant Guerrero is already aware of her identity and personal information. Thus, keeping Plaintiff's name confidential from the public by allowing her to sue anonymously does nothing to address her purported concerns about the possibility of private retaliation from *these* Defendants and the NYPD as a whole.[1] *See Doe v. United States*, 16-cv-7256, 2017 WL 2389701, at *3 (S.D.N.Y. June 1, 2017) (explaining that, if the defendant is aware of the plaintiff's identity, permitting the plaintiff to proceed anonymously "would do nothing to protect him" from retaliation by the defendant).

Plaintiff similarly argues that the "risk" of harm also "applie[s] to [her] family" for the very same reasons. Pl. Mem. at 4. But while courts are especially concerned with "innocent non-parties," Plaintiff does not contend any harm to non-innocent parties, such as her family, other than the speculative harms described above, which the Court has already explained are insufficiently alleged. *Sealed Plaintiff*, 537 F.3d at 190; *see also Doe v. Solera Capital LLC,* 18-cv-1769, 2019 WL 1437520, at *4 (S.D.N.Y. Mar. 31, 2019).

Plaintiff also argues that public "replication of the story with her legal name would cause severe mental anguish and worsen the existing symptoms of post traumatic stress disorder." Pl. Mem. at 4. Again, Plaintiff fails to provide anything more than speculation to support this claim. While "[t]he risk of psychological injury stemming from identification is a cognizable harm that

---

[1] As with any case, the Court admonishes Officer Guerrero and the NYPD in the strongest possible terms, to refrain from taking any actions against Plaintiff or her family that would substantiate this allegation, and any effort to tamper with any witness in this case will be met with severe consequences. There is presently no evidence to substantiate this concern and it is not a basis for allowing anonymity on the *public* docket.

can serve as a legitimate basis for proceeding anonymously," the potential injury alleged must be more than "mere embarrassment" or "social stigmatization." *Solera Capital LLC*, 2019 WL 1437520, at *4; *see also Abdel-Razeq v. Alvarez & Marsal, Inc.*, 14-cv-5601, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015) ("the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity"). For example, a court in this Circuit allowed a plaintiff to proceed anonymously when she "provided *specific evidence from medical professionals* predicting that revelation of her identity would likely 'cause psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life.' " *Id.* (emphasis added); *see also Solera Capital LLC*, 2019 WL 1437520, at *4 (finding although a plaintiff alleged that she suffered from post-traumatic stress disorder and that her condition would be exacerbated by disclosure of her identity, the plaintiff did not provide "any medical corroboration," and the court could not "speculate" about the nature and severity of any mental injury from disclosure); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406 (explaining that, because "speculative claims of . . . mental harms are insufficient," "courts have suggested that a plaintiff should submit medical documentation").

Plaintiff generally alleges that public disclosure of her identity could "worsen the existing symptoms of post-traumatic stress disorder." Pl. Mem. at 4. However, without evidence of her symptoms or corroboration from medical professionals of the condition much less potential exacerbation, her general allegation of potential further trauma is "mere speculation" about a risk of psychological injury that cannot support her motion to proceed under a pseudonym. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *UCB, Inc.*, 2017 WL 838198, *3). Thus, neither Plaintiff's speculation about the possibility of post-traumatic stress symptoms nor her allegations about the possibility of retaliation support granting her motion to proceed under a pseudonym.

8

Turning to the fourth factor in *Sealed Plaintiff*, the Court must analyze "whether the plaintiff is particularly vulnerable," "particularly in light of [her] age." 537 F.3d at 190; *see also Solera Capital LLC*, 2019 WL 1437520, at *4. This factor is particularly salient when the plaintiff is a minor. *Doe v. Townes*, No. 19-CV-8034 (OTW), 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020) (noting courts have been more inclined to protect the privacy interests of minor plaintiffs than adults "because children are conceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue the litigation"). "If [however,] a plaintiff is not a child, this factor weighs against a finding for anonymity." *Solera Capital LLC*, 2019 WL 1437520, at *4. Here, Plaintiff is an adult and was an adult at the time of the alleged encounter with Officer Guerrero. Plaintiff has "chosen for [herself] to pursue th[is] litigation," *id.*, and ultimately, she has failed to identify any reason for the Court to treat her as more vulnerable than the run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny. *See, e.g.*, *Rapp v. Fowler*, 537 F. Supp. 3d 521, 530 (S.D.N.Y. 2021). As such, Plaintiff has not identified any reason for the Court to treat her as particularly vulnerable, and thus, the fourth factor weighs against Plaintiff's request to proceed under a pseudonym. *See Townes*, 2020 WL 2395159, at *5.

Under the fifth factor of *Sealed Plaintiff*, the Court must consider "whether the suit is challenging the actions of the government or that of private parties." 537 F.3d at 190. Courts are less inclined to grant a motion to proceed under a pseudonym when the suit involves only private parties. *Townes*, 2020 WL 2395159, at *5. Plaintiff does not address this factor in her motion. Indeed, Plaintiff brings this suit against the City of New York, a public party. On the other hand, however, Plaintiff's action also names as Defendants ten John and/or Jane Doe police officers and

9

Officer Guerrero *in his individual capacity*. Accordingly, this factor does not strongly favor Plaintiff's motion, despite her naming in her case certain public parties.

The sixth factor the Court must consider from *Sealed Plaintiff* is "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously." 537 F.3d at 190. Plaintiff argues that the Defendants would not be prejudiced by permitting her to proceed anonymously, because Defendants "would be able to adequately investigate the claims and engage in their next steps of litigation" without her identity. Pl. Mem. at 5. Plaintiff argues that should Defendants require her identity, they may "move to revisit the issue" at a later stage of litigation. Pl. Mem. at 5. The Court does not accept Plaintiff's "mere speculation," *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *UCB, Inc.*, 2017 WL 838198, *3), that any of the several named or unnamed Defendants "would be able to adequately . . . engage in their next steps of litigation" while Plaintiff proceeds under a pseudonym. Pl. Mem. at 5. In fact, allowing Plaintiff to proceed anonymously could hinder Defendants' ability to identify witnesses, locate relevant evidence, take depositions, participate in settlement negotiations, or adequately cross-examine the Plaintiff. *See, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 407. For example, Defendants may need to disclose Plaintiff's name to at least some third parties if they intend to take non-party depositions. Additionally, "[c]ourts have identified prejudice against a defendant when a defendant is 'required to defend itself publicly before a jury while plaintiff could make her accusations from behind a cloak of anonymity.' " *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 407 (quoting *Delta Airlines*, 310 F.R.D. at 225). Thus, this factor does not weigh in favor of Plaintiffs' motion to proceed anonymously.

The seventh factor of *Sealed Plaintiff* is "whether the plaintiff's identity has thus far been kept confidential." 537 F.3d at 190. Plaintiff also does not address this factor in her motion.

Although Plaintiff's identity has not been disclosed in any public filings thus far (and at such an early, pre-service stage of the litigation), as discussed above, Plaintiff indicates that at least certain Defendants are aware of her identity. *See* Pl. Mem. at 1. While Plaintiff may have kept her identity confidential from the public, courts have found less reason to grant a motion to proceed under pseudonym where an allegedly retaliatory defendant already knows the plaintiff's identity, which—by Plaintiff's own assertion, *see* Compl. ¶¶ 131–32—is the situation here. *See Doe v. United States*, 2017 WL 2389701, at *3; *Shakur*, 164 F.R.D. at 362. In light of these circumstances, even assuming that Plaintiff has kept her identity confidential from the *public* thus far, the Court nonetheless finds that the balance of interests weighs against granting Plaintiff's motion given that her identity is no longer confidential with respect to the arguably retaliatory Defendants. Thus, the seventh factor weighs less strongly in favor of Plaintiff, while many of the other factors weigh against anonymity.

The eighth factor of *Sealed Plaintiff* is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." 537 F.3d at 190. The ninth factor is "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities." *Id.* These factors clearly weigh against Plaintiff. As a general rule, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Shakur*, 164 F.R.D. at 361. Plaintiff again does not specifically address this factor in her brief, but broadly argues that there is a "minimal public interest in learning Plaintiff's identity." Pl. Mem. at 2. The Court disagrees. The *presumption* is that "lawsuits are public events and the public has a legitimate interest in . . . the identity of the parties." *Shakur*, 164 F.R.D. at 361. Plaintiff's motion simply does nothing to rebut that presumption.

11

Moreover, there is arguably a substantial public interest in allegations against an NYPD officer, the NYPD, and the City of New York. In other words, this is not a case that involves "abstract challenges to public policies, but rather . . . particular actions and incidents." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 12-cv-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012). The allegations at issue involve very relevant and salient factual allegations, involving accusations against the NYPD, which are often of high interest to the public. Thus, "open proceedings . . . benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Id.* Indeed, this is precisely the kind of case that "further the public's interest in enforcing legal and social norms." *Id.*; *see also, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408. "It may be, as plaintiff suggests, that victims of sexual assault will be deterred from seeking relief through civil suits if they are not permitted to proceed under a pseudonym. That would be an unfortunate result." *Shakur*, 164 F.R.D. at 362. In fact, the converse is true—shining light publicly on misconduct such as that alleged here is a potential deterrent to future abuse. "For the reasons discussed above [] plaintiff and others like her must seek vindication of their rights publicly." Accordingly, the Court finds that factors eight and nine weigh against anonymity. *Id*.

The tenth and final factor of *Sealed Plaintiff* is whether any alternative mechanisms could protect the plaintiff's interest in confidentiality. 537 F.3d at 190. Plaintiff does not address this factor at all in her motion. In any event, Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, *see Doe v. Berg*, No. 15-CV-9787 (RJS), 2016 WL 11597923, at *2 (S.D.N.Y. Feb. 10, 2016), or a protective order, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408. Thus, factor ten weighs against Plaintiff's motion.

Ultimately, the Court finds that the balance of interests at stake weigh against granting Plaintiff's motion to proceed anonymously. The fundamental question is whether Plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189. The Court finds that Plaintiff does, of course, have an interest in keeping her identity private, and some of the *Sealed Plaintiff* factors may weigh in Plaintiff's favor, particularly given the highly sensitive and personal nature of the allegations at issue. However, those findings are not dispositive. The majority of factors weigh heavily against anonymity. At bottom, Plaintiff has invoked the public forum of litigation in which there is a strong presumption of public access. *Lugosch*, 435 F.3d at 126. Balancing these interests, the Court finds that Plaintiff has not provided sufficient justification to overcome the people's right to know who is using their courts. *See id.*

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed anonymously is DENIED without prejudice. Accordingly, **on or before October 11, 2024**, Plaintiff shall file an Amended Complaint properly suing in her name. The Clerk of Court is respectfully requested to terminate docket entry 6.

**SO ORDERED.**

Date: October 4, 2024  
      New York, NY

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**