

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MURIEL GOODE-TRUFANT** | **LAW DEPARTMENT** | **JOHN SCHEMITSCH** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | *Senior Counsel*<br>jschemit@law.nyc.gov<br>Phone: (212) 356-3539<br>Fax: (212) 356-1148 |

March 19, 2025

**BY ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Duran v. City of New York, et. al.,</u> 24-cv-7093 (MKV)

Your Honor:

I am a Senior Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, representing the City of New York in the above-referenced action. Defendant City of New York[1] writes to respectfully request a pre-motion conference in advance of its anticipated motion to dismiss the Second Amended Complaint (ECF No. 49), filed on October 10, 2024.

By way of background, plaintiff commenced this action on September 18, 2024, pursuant to *inter alia*, 42 U.S.C. § 1983. ECF No. 1. Plaintiff amended the Complaint on October 10, 2024. ECF No. 15. Plaintiff alleges that on or about June 21, 2023, she was sexually assaulted by an NYPD Auxiliary Police Officer. *Id.* Defendant moved for a pre-motion conference on February 3, 2025, in advance of an anticipated motion to dismiss the complaint on the bases of plaintiff's <u>Monell</u> claim being poorly pled and plaintiff failing to serve a timely notice of claim as required by New York General Municipal Law § 50-e. See ECF No. 45. Plaintiff amended the complaint on March 4, 2025 and, upon notice by the Court of the deficiency of the pleading, filed a Second Amended Complaint on March 5, 2025. See ECF No. 48 and 49. Plaintiff brings claims against defendant City of (1) Section 1983 municipal liability under <u>Monell</u>; (2) NY state law negligence; (3) NY state law gross negligence and recklessness; (4) NY state law intentional infliction of emotional distress; as well as (5) *respondeat superior* liability. For the reasons set forth below, defendant City of New York respectfully requests a pre-motion conference in advance of its anticipated motion to dismiss the Second Amended Complaint, as plaintiff's Second Amended Complaint does not cure the deficiencies highlighted in defendant's February 3, 2025 motion.

---

[1] This office does not represent Officer Manny Guerrero in this matter.

I.      **Plaintiff's Section 1983 Municipal Liability Claim Fails as It Is Not Well Pled**

Plaintiff's municipal liability claim against the City cannot survive a motion to dismiss as pled in the Amended Complaint. Plaintiff alleges, in cursory fashion, that the City was the driving force behind the alleged constitutional violations under a litany of theories, including failure to implement surveillance measures,[2] failure to supervise,[3] and failure to train,[4] and a general theory that the City failed "to implement any reasonable measures to prevent sexual assaults by New York City Police Officers. See ECF No. 49 at p.19.

To state a Monell claim, a plaintiff must plead "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F3d 31, 36 (2d Cir. 2008). To adequately plead a custom or policy within the meaning of Monell, the plaintiff must allege the existence of 1) a formal policy or custom, 2) actions taken by municipal policymakers that caused the alleged deprivation, 3) an unofficial practice so widespread that a municipal policymaker must have known about it, or 4) a failure by municipal policymakers to train or supervise subordinate employees. Jones v Westchester County, 182 F. Supp. 3d 134, 158 (S.D.N.Y 2016) (citation omitted).

To the extent plaintiff proceeds upon a "failure to train or supervise theory," plaintiffs must show "deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). In order to demonstrate that the City's alleged failure to train or supervise constitutes the requisite "deliberate indifference," plaintiffs must satisfy three requirements: first, plaintiff must show that a policymaker knows to a moral certainty that his/her employees will confront a given situation. Second, plaintiffs must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation. Finally, the plaintiff must show that the wrong choice by the City employee will frequently cause the deprivation of a citizens constitutional rights. Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007).

---

[2] In particular, plaintiff alleges (1) failure to implement reasonable surveillance measures in precincts to monitor interactions between auxiliary officers and civilians; and (2) failure to implement reasonable surveillance measures in vehicles used by police officers in the course of their police duties to monitor interactions between auxiliary officers and civilians.

[3] In particular, plaintiff alleges (1) failure to maintain supervision of auxiliary police officers while they interact with civilians; (2) failure to maintain supervision of auxiliary police officers who are investigating sexually-based crimes; (3) permitting auxiliary officers to leave police property with a civilian in their vehicle; (4) failing to monitor auxiliary officers who were taking civilians into a secluded basement; (5) failing to monitor auxiliary officers who were taking civilians into their vehicles; (6) failing to monitor auxiliary officers who were taking civilians off of the precinct premises; (7) failing to discipline or supervisor Officer Guerrero for his repeated sexually inappropriate conduct with civilians; and (8) failing to take any reasonable measures to ensure Officer Guerrero was not able to repeatedly use his authority and position as a police officer to commit sexual misconduct against victims.

[4] In particular, plaintiff alleges (1) failing to train auxiliary officers on interacting with civilians who have experienced sexually-based crimes; (2) failure to train auxiliary officers on investigating sexually-based crimes, and (3) allowing auxiliary officers to conduct one-on-one interviews with victims of sex crimes despite having no training in such interviews or dealing with especially vulnerable interviews.

In cases where an officer has committed criminal acts not foreseeable to defendants, courts in this District have rejected such Monell claims at the pleading stage. In fact, plaintiff asserts that in his matter, Defendant Guerrero sexually assaulted plaintiff on two separate occasions. In Noonan v. City of New York, 14. Civ. 4808 (LTS), 2015 U.S. Dist. Lexis 83451, at *10-12 (S.D.N.Y. June 26, 2015), Judge Swain explained: "[T]he Second Circuit requires a showing that the alleged violation of rights was the product of a difficult choice of the sort that training or supervision would make less difficult and that, if made incorrectly, would frequently cause the deprivation of a citizens constitutional rights. The decision to commit a sexual assault-a blatantly criminal act-cannot reasonably be seen as posing the type of "difficult choice" contemplated by the Second Circuit in Walker." Citing Walker v. New York, 974 F.2d 293 (2d Cir. 1992). Similarly, in this case, plaintiff has not plausibly alleged that, Police Officer Guerrero's acts were the type of "difficult decision" that a proper training or supervision would have made less difficult. A municipality does not need to train its police officers not to act in ways that are obviously wrong. Walker v. City of New York, 974 F.2d 293, 297 (2nd Cir. 1992); Boddie v. City of N.Y., No. 1:15 Civ 4275 (GHW), 2016 U.S. Dist. LEXIS 50248, at *11-12 (S.D.N.Y. Apr. 13, 2016). "Where the alleged misdeeds relate to such basic norms of human conduct—the duty to not lie or prosecute the innocent--{then} in the ordinary case a municipal policy maker […] can [] rely on common sense of her employees." Covington v. City of New York, 916 F. Supp 282, 290 (S.D.N.Y 1996). Therefore, Defendant City did not fail to train, supervise, and discipline their employees, nor were they the proximate cause of this incident.

Notably, many of plaintiff's alleged theories of Monell liability are predicated on claims that are inapposite to the allegations plaintiff asserts in the complaint. Indeed, plaintiff alleges a failure to implement surveillance measures in police vehicles or monitor officers in police vehicles, however plaintiff does not allege any interaction occurred in a police vehicle. Further, plaintiff's purported theories based on a failure to implement surveillance measures has no support in the pleadings beyond the single alleged instance.

To the extent plaintiff proceeds upon de facto municipal custom or practice, plaintiff fails to meet their burden. Even if plaintiff did, the plaintiff cannot plead that the practice existed by citing to lawsuits that do not result in findings of liability, or to dissimilar instances of conduct. Tieman v. City of Newburgh, No. 13 Civ 4178 (KMK) 2015 U.S. Dst. Lexis 38703 , at *48 (S.D.N.Y Mar. 26, 2015) (citing Walker). The Amended Complaint is marred with vague allegations of dissimilar instances of conduct, which cannot be attributed here. Therefore those occurrences cannot support an official policy existed at the time of the alleged incident in 2023. Moses v. Westchester County Dept. of Corr., 2017 U.S. Dist. LEXIS 163030, at *39 (S.D.N.Y. Sep. 29, 2017). Moreover, Plaintiff's use of data from an unknown and undisclosed source to make conclusory allegations, which cannot be used in support of this claim.

## II. Plaintiff's State Law Claims Should Be Dismissed for Failure to Comply with New York General Municipal Law § 50-e

Defendant, in its February 3, 2025 motion for a pre-motion conference, noted that plaintiff did not assert that she filed a timely notice of claim, per the requirements of New York General Municipal Law § 50-e. Plaintiff, in her Second Amended Complaint, pleads that "Plaintiff served a notice of her claims on the City of New York on June 26, 2023. More than thirty days had elapsed

since that notice when the complaint in this case was filed. The City has not adjusted or satisfied Ms. Duran's claims in that time." ECF No. 268. While on its face, plaintiff's allegation cures the defect of the original complaint, defendant notes that upon a further search of the Comptroller's records, no notice of claim was received and none can be found; indeed, when the undersigned inquired of counsel for a claim number to confirm whether plaintiff served a notice of claim, plaintiff's counsel provided what appears to be a preservation letter served on the NYPD, and not, in fact, a notice of claim as required by statute. See Letter dated June 26, 2023, dated Exhibit A. Defendant wrote to plaintiff's counsel on March 11, 2025 to inquire if plaintiff would be amending their complaint to so revise.

New York General Municipal Law requires a notice of claim to be served against the City prior to commencing an action in tort against the City or an employee. See N.Y. Gen. Mun. Law, § 50-i(1). "Where a plaintiff fails to timely file a notice of claim, his complaint will be dismissed." Gaston v. N.Y.C. Dep't of Health Office of Chief Med. Exam'r, 432 F. Supp. 2d 321, 326 (S.D.N.Y. 2006). Moreover, "New York's law requires a plaintiff to plead in the complaint that: (1) the plaintiff has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed); and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." Hardy v. N.Y.C. Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999). "A notice of claim is a condition precedent to bringing personal injury actions against municipalities and their agents; failure to comply speaks to the subject matter jurisdiction of this Court to consider the state-law claims." Columna v. City of N.Y., No. 1:19-cv-3801 (MKV), 2022 U.S. Dist. LEXIS 45020, at *15 (S.D.N.Y. Mar. 14, 2022) (finding that a failure to plead a notice of claim was timely served renders a complaint deficient). A notice of claim must be properly served in compliance with N.Y. Gen. Mun. Law, § 50-e(3), "on the public corporation against which the claim is made by delivering a copy thereof personally, or by registered or certified mail, to the person designated by law […], or to an attorney regularly engaged in representing such public corporation[.]" New York CPL Section 311 provides that service may be made "upon a county, to the chair or clerk of the board of supervisors, clerk, attorney or treasurer. Here, plaintiff Complaint is deficient because plaintiff has not complied with N.Y. Gen. Mun. Law, § 50-I, as plaintiff did not serve a notice of claim, and even if plaintiff's purported document was one, it was not served on the proper entity, and the amendment of the claim was futile. See e.g., Horvath v. Daniel, 423 F.Supp. 2d 421 (S.D.N.Y. Apr. 7, 2006) (finding that where a plaintiff did not file a notice of claim, amendment of the claim to assert otherwise was denied as futile). As such, plaintiff's state law claims should be dismissed.

For the reasons set forward herein, and among other, defendant City of New York respectfully requests that the Court schedule a pre-motion conference for a date and time convenient for the Court.

Thank you for your consideration herein.

                                                Very truly yours,

                                                /s/
                                                John Schemitsch

cc:    **ECF**
        All Counsel of Record