

**Lento Law Group, P.C.**
3000 Atrium Way, Suite 200
Mount Laurel, NJ 08054
(856) 652-2000 (T)
(856) 375-1010 (F)
Joseph D. Lento, Esquire
Member of the NJ, NY and PA Bar
jdlento@lentolawgroup.com

June 26, 2023

**Via: Certified Mail and First-Class Mail**
New York City Police Department, 32nd Precinct
250 W 135th Street
New York, NY 10030
ATTN: Records Department & Security Office

> Re:  **Manny Guerrero, Auxiliary Officer**
>       **Date of Incident: June 21, 2023**

Dear Sir/Madam,

This office represents Christina Duran in her anticipated civil lawsuit against the NYPD relating to her allegation that Auxiliary Officer Manny Guerrero raped her on or about the evening of June 21, 2023, after sexually assaulting her within the 32nd Precinct. Ms. Duran has already filed a police report against Auxiliary Officer Guerrero. Please forward a copy of this letter to the records custodian and the security office for your precinct, as well as your legal department.

Please consider this letter as a non-spoliation demand to preserve all evidence possibly related to our clients' potential claims, including but not limited to video surveillance footage, CCTV footage, body worn camera footage, audio recordings, security recordings, logs and information of any kind, information relating to security protocols such as sign-in/sign-out sheets, visitor logs, and logs of electronic access badges, as well as any police reports, documents, forms, electronic or written communication, e-mails, letters, correspondence, memoranda, notes, journal entries, social media (Facebook, Twitter, LinkedIn, etc.) status updates, "tweets", text messages, instant messages, audio or video recordings, phone messages, voicemails, business documents, personnel files, financial records and notes relating to said records, or any other documents in general relating to or mentioning the subject matter of our client's potential claims OR our client. Furthermore, you are to preserve all records relating to Auxiliary Officer Manny Guerrero, including his disciplinary history, entire Internal Affairs file, all reports against Auxiliary Officer Guerrero and related investigative files, notes, and communications, including use of force, sexual harassment, violations of workplace policies, and all other complaints, reports, or investigations relating to the conduct

of Auxiliary Officer Manny Guerrero, regardless of disposition, whether brought by NYPD employees, members of the public, or any other individual. Should you intentionally, recklessly, negligently, or inadvertently destroy, alter, amend, change or adjust any of the above-referenced documents or files, sanctions may be sought in any potential litigation and an additional claim for spoliation may be instituted.

Your failure to prevent spoliation of evidence can result in severe sanctions being imposed by the Court. Furthermore, your obligation to preserve documents and things for any potential discovery in this case arise in law and equity, independent of any Order of Court or notice from our office. Thus, please let this letter serve as notice not to destroy, conceal, or alter any social media, paper or electronic files, video surveillance footage, or other data generated by and /or stored in your computers and storage media (e.g. Secure Data cards, hard drives, flash drives, "thumb drives" and/or backup tapes), or any other electronic data, such as voicemail and cellular telephone text messages, that may be construed in any manner as potentially discoverable information in this potential litigation.

If there is litigation, it will be through discovery that we expect to obtain a number of documents and things, including files stored on your clients' computers, computer storage media and mobile devices. Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, all documents in their electronic form, along with information about those documents contained on the media, must be produced in their native file formats. Paper printouts are only acceptable for those documents that contain unique information after they were printed out (such paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, redactions, etc.) or are uniquely contained with a paper file along with any paper documents for which no corresponding electronic files exist.

Additionally, future discovery requests may demand data from hard disks and backup media used in computers and other electronic devices, some of which data is not readily available to the ordinary computer user, such as "deleted" files and "file fragments." Even though a user may "erase" or "delete" a file, a "deleted" file can be as intact on the disk as any "active" file you would see in a directory listing unless overwritten with new data. Therefore, in order to avoid spoliation, please be certain to advise your clients not to overwrite or reuse any media of any type (including social media) prior to providing this data to our office. Your clients should not pack, compress, purge, or otherwise dispose of files of parts of files unless a true and correct copy of such files is made.

The electronic data and storage media that may be subject to discovery requests and that you are obligated to maintain and not alter or destroy include but are not limited to the following: social media and all digital or analog electronic

files, including "deleted" files and file fragments stored in machine-readable format on magnetic, optical, or other storage media, including the hard drives or floppy disks used by your computers and their backup media (e.g., other hard drives, backup tapes, floppy discs, USB storage devices, CD-ROMs, internet servers and/or "clouds"), whether such files have been reduced to paper printouts or not. More specifically, you are to preserve all:

- Video surveillance footage.
- CCTV footage.
- Body worn camera footage.
- Audio recordings
- Security recordings.
- Logs and information of any kind relating to security.
- All information relating to security protocols.
- Sign-in/sign-out sheets.
- Visitor logs.
- Logs of electronic access badge use.
- Police reports.
- Social media pages and updates.
- E-mails, both sent and received, whether internally or externally.
- All word-processed files, including drafts and revisions.
- All presentation data or slide shows produced by presentation software such as Microsoft Powerpoint.
- All graphs, charts, and other data produced by project management software such as Microsoft Project.
- All data generated by calendaring, task management, and personal information management (CIM) software, such as Microsoft Outlook or Lotus Notes.
- All data created with or otherwise accessible by smartphones (including but not limited to iPhone, blackberry and Android devices), personal data assistants (PDAs), such as PalmPilots, or other Windows CE-based or Pocket PC devices.
- All data created with or otherwise accessible by mobile computer devices including but not limited to tablet devices such as Apple iPad, Samsung Galaxy, and Google Nexus.
- All data created with the use of document management software.
- All surveillance videos for the time of the incident date in question and all other times mentioned herein.

All such information dating back to the beginning of the most recent term must be preserved. We trust that you shall expeditiously convey this demand and a copy of this letter to your clients in order that they may fully comply with the obligations and expectations set forth above.

Thank you for your courtesy and cooperation in this matter.

3

Very truly yours,

Joseph D. Lento, Esquire